UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD BERRYHILL,  )
)
)
)
Plaintiff,  )
)
v.  )
)  Case No. 12-CV-6119
ILLINOIS STATE TOLL HIGHWAY,  )
)  Judge Marvin E. Aspen
)
)
Defendant.  )
)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pro se plaintiff Ronald Berryhill ("Plaintiff") brings suit against the Illinois State Toll Highway Authority ("Defendant"), alleging employment discrimination. Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the following reasons, we grant Defendant's motion.

### BACKGROUND

For the purposes of this motion, we draw all facts from the complaint and its supporting exhibits. *See Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Plaintiff alleges that Defendant terminated him "unjustly when [he] was injured on the job," and that the Defendant failed to reasonably accommodate his disabilities. (Compl. ¶¶ 13, 16.) Plaintiff further alleges that Defendant

discriminated against him on the basis of his disability, his color, and his race, thereby violating the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.* ¶ 9.) Plaintiff asks us to grant him appropriate lost wages and back pay, and to direct Defendant to reasonably accommodate his disabilities. (*Id.* ¶ 16.)

Defendant argues that we lack subject matter jurisdiction because Plaintiff fails to demonstrate that he has followed the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-5(e). (Mot. at 3.) Defendant argues that because Plaintiff has not alleged that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the discriminatory action and received a right to sue letter, the case should be dismissed. (*Id.*)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson*, 300 F.3d at 753. A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

"There are a number of prerequisites to the successful maintenance of a claim under Title VII." *Rush v. Mcdonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *see* 42 U.S.C. § 2000e-5. "First, the party must file a charge with the EEOC within the period of time allotted by the statute. Second, the Commission must issue a right to sue letter." *Rush*, 966 F.2d at 1110; *see also Movement for Opportunity & Equal. v. Gen. Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980). The purpose of these requirements is to give the EEOC a chance to investigate the claim "and decide whether to sue, and to encourage the complainant and the employer, with or without the state agency's or EEOC's assistance, to resolve their dispute informally." *Doe v. Oberweis Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006). "Many disputes are resolved at this stage, reducing the burden on the courts of enforcing Title VII[,]" and limiting the claims that a complainant may raise in the litigation. *Id*.

Similarly, a plaintiff seeking to file employment discrimination claims under § 12117(a) of the ADA must follow the administrative procedures set forth in Title VII. *Easton v. Coll. Of Lake Cnty.*, 584 F. Supp. 2d 1069, 1075 (N.D. Ill. 2008) ("[B]ecause the ADA's enforcement provision expressly incorporates the enforcement provisions of Title VII, the analysis of the

statutory requirements for filing a claim under each will be the same.") (quoting *Stepney v. Naperville School District 203,* 392 F.3d 236, 239 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a)).

     Plaintiff has not sufficiently alleged that he presented an administrative claim before filing this lawsuit. Though Plaintiff indicates that he has filed a charge against Defendant with a government agency, he does not indicate whether such charge was filed with the EEOC or with the Illinois Department of Human Rights, or when the charge was filed. (Compl. ¶ 7.1.) Plaintiff then contradictorily alleges that he did not file a complaint of employment discrimination. (*Id*. ¶ 7.2.) In the same paragraph, however, he indicates that he has attached a copy of a complaint of employment discrimination with an agency, as well as a final agency decision, without attaching either. (*Id*.) Similarly, Plaintiff has not alleged, let alone demonstrated, that he was ever issued a right to sue letter, and no copy of such a letter is attached to the complaint. Finally, Plaintiff has not indicated when the alleged discrimination occurred. Therefore, we cannot determine if Plaintiff has met the statutory requirements of Title VII. *Oberweis Dairy*, 456 F.3d at 708.

## CONCLUSION

  For the reasons set forth above, we dismiss Plaintiff's complaint. Plaintiff is granted leave to amend within thirty days of the date of this order. Failure to amend will result in dismissal with prejudice at the end of this period. It is so ordered.

                       _____
                        Honorable Marvin E. Aspen
                        U.S. District Court Judge

Date: May 21, 2013