# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD BERRYHILL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS STATE TOLL HIGHWAY ) <br> AUTHORITY, ) <br> ) <br> Defendant. ) | Case No. 12 C 6119 <br> Judge Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pro se plaintiff Ronald Berryhill filed a two-count amended complaint against the Illinois State Toll Highway Authority ("the Tollway"). He alleges employment discrimination on the basis of both race and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), respectively. Presently before us is the Tollway's motion to dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As set forth below, we grant the motion under Rule 12(b)(6).

## BACKGROUND

For the purposes of this motion, we draw all facts from the amended complaint and its supporting exhibits. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted).

Berryhill began working at the Tollway on May 6, 1995. (Am. Compl. IDHR Ex. at 1.) Berryhill claims he was initially injured while working in 2003. (Am. Compl. at 1.) After his injury, Berryhill states the Tollway's director transferred him to light duty assignments. (*Id.*) Berryhill alleges his injury worsened, and in 2004 the Tollway's director sent him home from work with instructions not to return until told to do so by the director. (*Id.*) According to Berryhill, he first discovered the Tollway had fired him in October 2012 through a conversation with a worker's compensation attorney. (*Id*. at 2.)

Berryhill claims that the Tollway violated Title VII when it discharged him on October 15, 2012, on the basis of his race. (Am. Compl. IDHR Ex. at 1.) Additionally, Berryhill claims his discharge was based on his disability—namely his back injury—in violation of the ADA. (*Id.* at 2.)[1]

Berryhill filed both charges of discrimination with the Illinois Department of Human Rights ("IDHR") on December 13, 2012. (*Id*. at 1–3.) In his IDHR filings, Berryhill indicated he wished the charges to be cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id*. at 1.) Berryhill seeks lost wages and back pay, and that the Tollway rehire him, with reasonable accommodations for his disabilities. (Compl. ¶ 16.)

The Tollway has moved to dismiss the amended complaint under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. The Tollway advances two procedural

---

[1] Berryhill also filed a charge with the IDHR against the Service Employees International Union, Local 73 ("the Union"), for failure to represent on the bases of race and disability. Berryhill attached the Union's responses to the charges, but they are irrelevant to the proceedings against the Tollway.

arguments. First, the Tollway contends that the claims are time-barred because Berryhill failed to file a charge with the EEOC within 300 days of the date of discriminatory action. (Mem. at 3.) Second, the Tollway asserts the claim is flawed because Berryhill did not include a right-to-sue letter from the EEOC, a prerequisite to a federal lawsuit under Title VII. (*Id*. at 2.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson*, 300 F.3d at 753. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at

3

1949. "These requirements ensure that the defendant receives fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964.

A pro se complaint must be construed liberally, and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted). However, procedural rules limit the latitude afforded a pro se litigant. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998); *Thompson v. Jones*, No. 11 C 1288, 2012 WL 3686749, at *3 (N.D. Ill. Aug. 24, 2013) ("Although pro se plaintiffs are entitled to lenient standards, compliance with procedural rules is required.").

## ANALYSIS

**I.  Title VII claim**

A claim of racial discrimination in violation of Title VII may proceed in federal court only if certain statutory requirements are met. *See* 42 U.S.C. § 2000e–5; *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1996) ("There are a number of prerequisites to the successful maintenance of a claim under Title VII."); *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 858 (N.D. Ill. 2008).[2] Specifically, a claimant must file a charge of discrimination with the EEOC within Title VII's limitations period of 300 days, and the EEOC must issue notice to the claimant that he or she may proceed in a federal lawsuit—a right-to-sue letter. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Although we find that Berryhill timely filed his charge with the EEOC, he again failed to allege receipt of a right-to-sue letter.

The Tollway first argues that Berryhill failed to file a charge of discrimination with the EEOC within 300 days of his discharge, so the claim is barred. Under Title VII, a claimant must

---

[2] We note at the outset that a failure to receive a right-to-sue letter is not a jurisdictional bar to a federal lawsuit under Title VII, so Defendant's reliance on Rule 12(b)(1) is misplaced. *See Worth v. Tyler*, 276 F.3d 249, 259 (7th Cir. 2001) ("[T]he receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit.") (citing *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 398, 102 S. Ct. 1127, 1135 (1982)).

file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *See* 42 U.S.C. §§ 2000e–5©, (e)(1); *Oberweis Dairy*, 456 F.3d at 708.

Berryhill attached his IDHR filings to his amended complaint, alleging that his discharge—the discriminatory act at issue in this lawsuit—took place on October 15, 2012. (Am. Compl. IDHR Ex. at 1.) We take this allegation at face value, *see Cole*, 634 F.3d at 903, and thus assume that Berryhill's IDHR charge was timely-filed because it is dated December 13, 2012, approximately two months after the allegedly unlawful discharge. *See* 775 ILCS 5/7A–102(A)(1) (requiring the initial charge to be filed with the IDHR within 180 days of discriminatory conduct).

Since Berryhill filed his IDHR charge on time, he necessarily met the 300-day deadline for an EEOC charge as well. The IDHR automatically cross-files charges of employment discrimination with the EEOC in order to preserve a complainant's federal rights. *See Clark v. Moline Public Library*, No. 09–4054, 2010 WL 331726, at *3 (C.D. Ill. Jan. 26, 2010) ("[T]he Court recognizes that Illinois has entered into a work share agreement with the EEOC and that charges filed with the IDHR are normally cross-filed with the EEOC as a matter of course.").[3] Further, Berryhill's IDHR filing bears a heading that indicates the charge was intended to be filed with both the Illinois state agency as well as the EEOC, and includes a separate section of text specifying that Berryhill wanted the charge filed with the EEOC. (Am. Compl. IDHR Ex. at 1.) Because Berryhill's administrative charge was filed with the IDHR—and thus the EEOC as well—within 300 days of the alleged discriminatory act, the Tollway's first argument for dismissal fails.

---

[3] Although IDHR's cross-filing agreement is not mandated by state statute or regulation, it appears to be a written policy of the department. *See* Illinois Department of Human Rights, *http://www2.illinois.gov/dhr/FilingaCharge/Pages/Federal_Agencies_and_Courts.aspx* (last visited October 18, 2013).

Next, the Tollway argues for dismissal because Berryhill failed to attach, or even allege receipt of, a right-to-sue letter from the EEOC. The EEOC must issue the claimant a "right-to-sue" letter, which explains that he or she may file suit in federal court with in a set time period. *See* 42 U.S.C. § 2000e–5(f); *Oberweis Dairy*, 456 F.3d at 708; *Conner v. Ill. Dept. of Nat'l Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Dismissal of the complaint by the EEOC at the administrative stage does not bar a claim in federal court. *Oberweis Dairy*, 456 F.3d at 709; *Krause*, 571 F. Supp. 2d at 858. But unless the plaintiff alleges receipt of a right-to-sue letter (or better yet, includes of a copy of the letter with the complaint), the federal claim will be subject to dismissal. *Worth v. Taylor*, 276 F.3d 249, 259 (7th Cir. 2001) (stating that a "lack of a right-to-sue letter may constitute a defense" to a claim under Title VII); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

As the Tollway points out, Berryhill did not submit a copy of any right-to-sue letter with the amended complaint. Further, Berryhill does not allege that the EEOC sent him the notice of his right to bring a federal lawsuit. Berryhill's receipt of the right-to-sue letter, like his timely filing of a charge, is a prerequisite for his filing of a Title VII action. *Oberweis Dairy*, 456 F.3d at 708. Moreover, we previously informed Berryhill that he must allege receipt of a right-to-sue letter in his complaint before his federal lawsuit could move forward.[4] Although we afforded him an opportunity to fix the problem in an amended complaint, he failed to do so. Accordingly, we dismiss Berryhill's Title VII claim.

---

[4] Our order dismissing Berryhill's initial complaint, dated May 21, 2013, identified various deficiencies with that complaint. *Berryhill v. Ill. State Toll Highway Auth*, No. 12 C 6119, 2013 WL 2241965, at *2 (N.D. Ill. May 21, 2013). At that time, we noted that Berryhill had not alleged or demonstrated that he was issued a right to sue letter, necessitating dismissal of that complaint. *Id.* at *2.

**II.     ADA claim**

Berryhill's second claim—that the Tollway discriminated against him based on his disability in violation of the ADA—must be dismissed as well.  The ADA, like Title VII, requires a claimant to file a charge of discrimination with the IDHR and EEOC, and also receive a right-to-sue letter before filing a federal lawsuit.  *See* 42 U.S.C. § 12117(a); *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) ("[T]he ADA's enforcement provision expressly incorporates § 2000e–5 of Title VII."); *Easton v. Coll. of Lake Cnty.*, 584 F. Supp. 2d 1069, 1075 (N.D. Ill. 2008).  Berryhills's ADA claim, which mirrors his Title VII claim, is therefore dismissed because Berryhill did not attach to his complaint, or allege receipt of, a right-to-sue letter from the EEOC.

## CONCLUSION

For the reasons set forth above, we grant the motion and dismiss the amended complaint.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:        Chicago, Illinois
              November 5, 2013